Not Reported in F.Supp.

Not Reported in F.Supp., 1993 WL 159969 (S.D.N.Y.), Bankr. L. Rep. P 75,302
**(Cite as: Not Reported in F.Supp.)**

▷
In re Chateaugay Corp.
S.D.N.Y.,1993.

United States District Court, S.D. New York.
In re CHATEAUGAY CORPORATION,
REOMAR, INC., The LTV Corporation, et al.,
Debtors.
In re The LTV CORPORATION, LTV Aerospace
and Defense Company, AM General Corporation,
and Amland Corporation, Debtors.
RELOEB COMPANY and AIRLOEB COMPANY,
Appellants,
v.
The LTV CORPORATION, LTV AEROSPACE
and DEFENSE COMPANY, VOUGHT
INDUSTRIES, INC., and Vought International,
Inc., Appellees.
**No. 92 CIV. 7054(PKL).**

May 10, 1993.

Law Offices of Ephraim K. Leibowitz, New York
City, (Ephraim K. Leibowitz, of counsel), for
appellants.
Kaye, Scholer, Fierman, Hays & Handler, New
York City (Myron Kirschbaum, Arlene R. Alves,
Deborah S. Lewis, of counsel), Davis Polk &
Wardwell, New York City, for appellees.
Davis Polk & Wardwell, New York, NY.

OPINION AND ORDER
LEISURE, District Judge,
*1 Appellants Airloeb Company ("Airloeb") and
Reloeb Company ("Reloeb") appeal from an Order
of the United States Bankruptcy Court for the
Southern District of New York, dated August 20,
1992 (the Order"), to the extent that the
Bankruptcy Court found that LTV Aerospace and
Defense Company ("LTV Aerospace") was not in
default under two leases on land owned by
appellants. The Order approved the sale of
substantially all of the assets of the aircraft and

missiles divisions of LTV Aerospace. The sale of
the missile division assets, including the leases at
issue here, was consummated on August 31, 1992.
Appellants opposed the sale transaction before the
Bankruptcy Court on the grounds that LTV
Aerospace was in default on the leases and that the
sale could not be approved until such defaults were
cured. Specifically, appellants claim pursuant to
the leases that LTV Aerospace must reimburse them
for attorneys' fees and expenses they incurred in
connection with LTV's Chapter 11 proceedings.
For the following reasons, the Order is affirmed and
appellants' appeal is dismissed.

BACKGROUND

A. *Underlying Facts*

On July 17, 1986, the LTV Corporation and its
sixty-six affiliates, including LTV Aerospace, a
wholly owned subsidiary, filed voluntary petitions
for relief under Chapter 11 of the Bankruptcy Code.
11 U.S.C. § 1101 *et seq.* The debtors continued to
operate their businesses as debtors in possession.
11 U.S.C. §§ 1107, 1108.

The main facilities of the missile division of LTV
Aerospace were located in Grand Prairie, Texas.
The facilities consisted of office buildings,
production facilities, a power house, and other
structures located on 150 acres of land.
Substantially all of the facilities were leased to LTV
Aerospace by appellants pursuant to two leases.
The first lease, dated March 12, 1968, is between
LTV Aerospace, as lessee, and Reloeb, as lessor,
and expires on March 31, 1998. Under the terms
of the lease, LTV Aerospace has the right to extend
the lease for one four-year term and four additional
terms of five years each. The second lease, dated
December 29, 1967, is between LTV Aerospace, as
lessee, and Airloeb, as lessor. This lease is due to
expire on March 31, 1994. As with the first lease,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                Page 2

Not Reported in F.Supp., 1993 WL 159969 (S.D.N.Y.), Bankr. L. Rep. P 75,302
**(Cite as: Not Reported in F.Supp.)**

LTV Aerospace has the option to renew the lease for one four-year term and four additional terms of five years each.

Appellants contend that LTV Aerospace was in default under the terms of both leases due to its failure to pay the legal fees of appellants and their assignees.[FN1] Paragraph 18(f) of the leases provides for the reimbursement of attorneys' fees and other costs incurred in connection with the leases under certain circumstances:
If lessee shall be in default in the observance or performance of any provision of this Lease, and an action shall be brought for the enforcement thereof in which it shall be determined that Lessee was in default, Lessee shall pay to Lessor all fees, costs and other expenses which may become payable as a result thereof or in connection therewith, including attorneys' fees and expenses.

*2 Appellees' Appdx., at 108-09, 126-27. The underlying default is alleged to be LTV Aerospace's filing of a voluntary petition for protection under Chapter 11 of the Bankruptcy Code.

### B. *The Initial Sale Transaction*

Prior to authorizing the sale of the missile division's assets in the Order, the Bankruptcy Court had approved the sale of that division's assets to Vought Corporation, a corporation formed by Martin Marietta Corporation and Lockheed Corporation, in April 1992. That sale was to include substantially all of LTV Aerospace's assets, including the leases at issue here. Appellants opposed the application to approve that sale on the grounds, *inter alia,* that LTV Aerospace was in default on the leases and that the sale could not be approved until those defaults were cured. After lengthy hearings, the Bankruptcy Court overruled appellants' objections and approved the sale on April 10, 1992, as memorialized in two Orders dated April 21, 1992. *See* Appellees' Appdx., at 189-208, 209-23.

Appellants failed to file a timely notice of appeal with respect to the Orders dated April 21, 1992. Thereafter, they moved by way of order to show cause for an extension of time in which to file

notices of appeal. The Bankruptcy Court denied appellants' motion on May 19, 1992. Appellees' Appdx., at 178. Appellants appealed from the denial of an extension of time but subsequently withdrew their appeal.

### B. *The Second Sale Transaction*

In July 1992, it was announced that the sale agreement between LTV Aerospace and Vought Corporation had been terminated. Thereafter, LTV Aerospace negotiated a new agreement of sale with MMC Lance Corporation ("MMC Lance"), a subsidiary of Martin Marietta, and submitted the agreement to the Bankruptcy Court for approval. Appellants objected to this application for substantially the same reasons articulated in response to the initial sale transaction. The Bankruptcy Court held a hearing on the application to approve the sale to MMC Lance on August 13, 1992. MMC Lance was outbid at that hearing, however, and the court authorized the sale of LTV Aerospace's assets to the two highest bidders. The Bankruptcy Court explicitly incorporated into the August 13 hearing the proceedings that occurred in connection with the initial sale transaction and overruled appellants' objections. Appellees' Appdx., at 79-80. Thereafter, the Bankruptcy Court entered Orders authorizing the sale transaction as described at the August 13 hearing. *See* Appellees' Appdx., at 1-42 (Order approving sale of missiles division).

On August 25, 1992, appellants filed their notice of appeal from the Order approving the sale. The sales transactions were consummated on August 31, 1992. Appellants did not seek a stay of the sale pending resolution of their appeal.

Appellees present two principle arguments in opposition to the instant appeal. First, appellees contend that the appeal must be dismissed pursuant to 11 U.S.C. § 363(m) because the sales transactions have been completed and no adequate remedy may be fashioned by this Court or, upon remand, by the Bankruptcy Court. Second, appellees argue that appellants are not entitled to be reimbursed for their attorneys' fees on the merits of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                              Page 3

Not Reported in F.Supp., 1993 WL 159969 (S.D.N.Y.), Bankr. L. Rep. P 75,302
**(Cite as: Not Reported in F.Supp.)**

their claims, as the leases do not provide for an award of attorneys' fees under the circumstances presented herein.

## DISCUSSION

**\*3** This Court has jurisdiction to hear this appeal from the Order of the Honorable Burton R. Lifland, United States Bankruptcy Judge, Southern District of New York, dated August 20, 1992, pursuant to 28 U.S.C. § 158. The applicable standard of review is provided by Rule 8013 of the Federal Rules of Bankruptcy Procedure, which directs that the Bankruptcy Court's findings of fact may not set aside unless they are shown to be clearly erroneous. Fed.R.Bankr.Pro. 8013; *see also In re Manville Forest Products Corp.,* 896 F.2d 1384, 1388 (2d Cir.1990) ("We will reverse the bankruptcy court only if we are 'left with the definite and firm conviction that a mistake has been committed.' ") (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).

   I. *Is This Appeal Moot Under 28 U.S.C. § 363(m) Due to the Consummation of the Sale Transactions on August 31, 1992?*

Section 363(m) of the Bankruptcy Code provides that:
The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Section 363(m) is designed to further two policies. First, the section affords " finality to judgments by protecting good faith purchasers, the innocent third parties who rely on the finality of bankruptcy judgments in making their offers and bids." *In re Stadium Management Corp.,* 895 F.2d 845, 847 (1st Cir.1990) (quoting *In re Tri-Cran, Inc.,* 98 B.R. 609, 617

(Bankr.D.Mass.1989)); *accord In re Sax,* 796 F.2d 994, 998 (7th Cir.1986); *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 147 (3d Cir.1986) . "Without the degree of finality provided by the stay requirement, purchasers are likely to demand a steep discount for investing in the property." *In re Sax,* 796 F.2d at 998; *accord United States v. Salerno,* 932 F.2d 117, 123 (2d Cir.1991). Second, dismissal of an appeal pursuant to section 363(m) once a sale is consummated is appropriate because "the court has no remedy that it can fashion even if it would have determined the issues differently." ·*In re Stadium Management,* 895 F.2d at 847-48. Moreover, the two policies interact because the rule of finality limits the remedies the appellate court may provide, as the court "cannot order relief without compromising the integrity of the sale of the property to a good faith purchaser." *Miami Center Limited Partnership v. Bank of New York,* 820 F.2d 376, 379 (11th Cir.1987), *cert. denied,* 488 U.S. 823 (1988); *accord In re Stadium Management Corp,* 895 F.2d at 848.

The legislative history of the Bankruptcy Code confirms that the purpose of section 363(m) is to protect the purchaser of a debtor's assets from subsequent reversal on appeal of the order approving the sale unless the sale is stayed pending the appeal. H.R.Rep. No. 595, 95th Cong., 1st Sess. 346 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6302; S.Rep. No. 989, 95th Cong., 2d Sess. 57 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5843. Thus, it is clear that the primary concern embodied in section 363(m) is that sales of assets, once consummated, should be final and that modifications to such sales agreements or revocation of the authorization to enter into such as sale should not be permitted once the transaction is complete.

**\*4** In this case, appellants do not seek to overturn the sale of assets that was consummated on August 31, 1992 in accordance with the Order. Rather, appellants seek to overturn one particular ruling made by the Bankruptcy Court in approving the sale: that LTV Aerospace was not in default on the leases. If appellants' appeal is successful, there would be no modification of the sale transaction and the purchasers of the assets of LTV Aerospace

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                    Page 4

Not Reported in F.Supp., 1993 WL 159969 (S.D.N.Y.), Bankr. L. Rep. P 75,302
**(Cite as: Not Reported in F.Supp.)**

would not be affected in any way. Appellants merely would be entitled to assert unsecured claims against the bankruptcy estate for any attorneys' fees that they are entitled to recover pursuant to the lease provisions.

The statutory language supports appellants' argument that their claim is not moot under section 363(m). First, the statute states that "the reversal or modification on appeal of an authorization," implicitly recognizing that such orders may be subject to reversal or modification under some circumstances, "does not affect the validity of a sale or lease under such authorization." 11 U.S.C. § 363(m). Thus, section 363(m) is concerned with the finality of the consummated sale. The relief sought by appellants, if granted by this Court, would have no affect on the validity of the sale transactions and the assumption of the leases by the purchasers. Thus, the strong public policy reflected in section 363(m) simply is not implicated by the claims asserted in the instant appeal.

Accordingly, the Court hereby finds that section 363(m) of the Bankruptcy Code does not render appellants' appeal moot due to their failure to obtain a stay of the sale of the assets of LTV Aerospace pursuant to Judge Lifland's authorization. Therefore, the court will next consider the merits of appellants' claims.[FN2]

## II. Does Paragraph 18(f) of the Leases Permit the Recovery of Attorneys' Fees Under the Circumstances Presented Herein?

Appellants contend that LTV Aerospace was in default under the leases because LTV Aerospace filed a voluntary petition for protection under the Bankruptcy Code. The leases provide that an "event of default" occurs "if Lessee shall file a petition in bankruptcy." Appellees' Appdx., at 103-04, 121-23. Relying on this default, appellants claim that they are entitled to be reimbursed pursuant to Paragraph 18(f) of the leases for all attorneys' fees they incurred in connection with the LTV bankruptcy proceedings. Paragraph 18(f) provides that LTV Aerospace shall reimburse appellants for the fees, costs, and expenses suffered

by appellants

*[i]f lessee shall be in default* in the observance or performance of any provision of this Lease, *and an action shall be brought* for the enforcement thereof in which it shall be determined that Lessee was in default....

Appellees' Appdx., at 108-09, 126-27 (emphasis supplied). Appellants acknowledge that they did not actually bring an action to enforce their rights under the leases. They argue, however, that "no action is required by the lessor under this provision to have a court determine that lessor [sic] did in fact file a bankruptcy petition." Appellants' Reply, at 10.

*5 The Bankruptcy Code of 1978 effected a change in the treatment of contract or lease clauses that modify the relationships of contracting parties due to the filing of a bankruptcy petition.[FN3] Although such clauses were enforced prior to 1978, the new code rendered unenforceable contract provisions that altered the rights or obligations of a debtor as a result of the debtor's commencement of a case under the Bankruptcy Code. 11 U.S.C. § 365(e)(1)(B); *see also* 11 U.S.C. § 541(c). Section 365(e)(1) provides, in pertinent part:

Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on-

(B) the commencement of a case under this title [11 U.S.C. § 101 et seq.];....

11 U.S.C. § 365(e)(1).

Section 365 abrogates the power of *ipso facto* clauses. No default may occur pursuant to an *ipso facto* clause and no reliance may be placed upon an alleged default where the only cause for default is the debtor's commencement of a bankruptcy case. *See In re Joshua Slocum, Ltd.,* 922 F.2d 1081, 1090 (3d Cir.1990); *In re Entz-White Lumber and Supply, Inc.,* 850 F.2d 1338, 1341 (9th Cir.1988)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp., 1993 WL 159969 (S.D.N.Y.), Bankr. L. Rep. P 75,302
**(Cite as: Not Reported in F.Supp.)**

(noting that a default pursuant to an *ipso facto* clause need not be cured prior to a sale of assets under section 365); *Lyons Sav. & Loan Assoc. v. Westside Bancorporation, Inc.,* 828 F.2d 387, 393 n. 6 (7th Cir.1987) ("Section 365(e) of the Bankruptcy Code invalidates *ipso facto* or bankruptcy termination clauses which permit one contracting party to terminate or even modify an executory contract or unexpired lease in the event of the bankruptcy of the other contracting party."); *see also In re Monica Scott, Inc.,* 123 B.R. 990, 992 (Bankr.D.Minn.1991); *In re Texaco Inc.,* 73 B.R. 960, 965 (Bankr.S.D.N.Y.1987).

In this action, appellants sole allegation concerning LTV Aerospace's default was that it filed for protection under the Bankruptcy Code. Thus, no default was triggered under the leases because the *ipso facto* clause is unenforceable and may not be considered to be an event of default. Permitting appellants' to recover the attorneys' fees and costs would effect a modification of the leases due solely to LTV Aerospace's bankruptcy. This action is therefore distinguishable from cases where the party seeking reimbursement of attorneys' fees was permitted to recover: in those cases, the debtor was in default under the terms of the contract or lease for reasons other than the mere filing of a bankruptcy petition. *See, e.g., In re Diamond Head Emporium, Inc.,* 69 B.R. 487, 496 (Bankr.D.Haw.1987); *In re Bullock,* 17 B.R. 438, 439 (9th Cir.Bankr.App.Panel 1982). Thus, appellants have failed to demonstrate that LTV Aerospace was in default under the leases such that Paragraph 18(f) of the leases became operable under the plain language of that provision.[FN4]

*6 Appellants' claims also fail to satisfy the prerequisites to recovery under Paragraph 18(f) because they have not instituted any action for enforcement of their rights under the lease. Appellants argue, without citation to any authority, that

[n]o action is required by the lessor under this provision to have a Court determine that lessor [sic] did in fact file a bankruptcy petition. The action that was taken by lessor's attorneys and those of the Trustees [for Reloeb's assignee] was the monitoring of the Chapter 11 case to protect the right and interests of the lessors and the Trustees.

Memorandum of Law in Support of Appellants' Appeal From the Order of the Bankruptcy Court's [sic] Finding that No Defaults Occurred Under Their Leases with the Debtors, at 11 n. 4. Creditors with a right to recover attorneys' fees typically seek reimbursement for expenses suffered in connection with an adversary proceeding or a motion to compel the debtor to assume or reject an executory contract or unexpired lease. *See, e.g., In re Diamond Head Emporium, Inc.,* 69 B.R. at 496-97; *In re Foreign Crating, Inc.,* 55 B.R. 53, 54 (Bankr.E.D.N.Y.1985) ; *Bullock,* 17 B.R. at 439. An explicit prerequisite to any recovery of attorneys' fees under Paragraph 18(f) is that the lessors bring an action and that there be a judicial determination that LTV Aerospace was in default under the lease provisions. It is undisputed that neither prerequisite to recovery under Paragraph 18(f) was satisfied. The Court is doubtful that any contract provision entitling a creditor to be reimbursed for all attorneys' fees suffered in "monitoring" a Chapter 11 case would be valid and enforceable but need not reach that issue to resolve this appeal. *See In re Joshua Slocum, Ltd.,* 103 B.R. at 608. Appellants' failure to qualify for reimbursement pursuant to the plain language of Paragraph 18(f) of the leases precludes any recovery.

CONCLUSION

For the foregoing reasons, the Order of the Honorable Burton R. Lifland, United States Bankruptcy Judge, Southern District of New York, dated August 20, 1992, finding that LTV Aerospace and Defense Company was not in default under two leases on land owned by Appellants, hereby is affirmed. The appeal is dismissed.

SO ORDERED

FN1. Appellants also argued that LTV Aerospace was in default for failing to maintain the premises as required by the leases. In their brief, however, Appellees indicated that this ground for default had

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                    Page 6

Not Reported in F.Supp., 1993 WL 159969 (S.D.N.Y.), Bankr. L. Rep. P 75,302
**(Cite as: Not Reported in F.Supp.)**

been resolved prior to the Bankruptcy Court hearing in a letter to appellants' counsel from appellees' counsel, dated March 15, 1992. Appendix to Brief of Debtors-Appellees ("Appellees' Appdx."), at 243-44. Accordingly, appellants withdrew this allegation in their reply brief. *See* Reply Memorandum of Law in Support of Appellants' Appeal From the Order of the Bankruptcy Court's [sic] Finding That No Defaults Occurred Under Their Leases with the Debtors (" Appellants' Reply"), at 10.

FN2. The Court notes that appellants' claims likely are barred by the doctrines of res judicata and collateral estoppel due to their failure to appeal Judge Lifland's Orders, dated April 21, 1992, authorizing the sale of the assets of LTV Aerospace to Vought Corporation. The parties failed to address this possible bar, however, and the resolution of appellants' appeal herein obviates the need for the Court to definitively decide the issue at this juncture.

FN3. Such clauses are commonly known as *"ipso facto"* clauses.

FN4. Appellants do not contend that they are entitled to recover attorneys' fees other than in accordance with the provisions of Paragraph 18(f) of the leases. In any event, "section 365(b)(1)(B) does not create a statutory right to attorney fees." *In re Joshua Slocum, Ltd.,* 103 B.R. 601, 608 (Bankr.E.D.Pa.) (noting the court's " ' distinct disinclination' to pass through attorneys' fees expended by a creditor for services of counsel in bankruptcy court litigation"), *aff'd* 121 B.R. 442 (E.D.Pa.1989); *accord In re Garnett,* 99 B.R. 293, 296-97 (Bankr.E.D.Pa.1989). Thus, appellants' may recover on their claims only if they demonstrate that reimbursement is appropriate under the terms of Paragraph 18(f). *See In re Joshua Slocum, Ltd.,* 103 B.R. at 608.

S.D.N.Y.,1993.

In re Chateaugay Corp.
Not Reported in F.Supp., 1993 WL 159969 (S.D.N.Y.), Bankr. L. Rep. P 75,302

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.