**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> Calpine Corporation, <u>et al.</u>, <br><br> Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 05-60200 (BRL) <br> ) Jointly Administered <br> ) |

**ORDER PURSUANT TO 11 U.S.C. § 105(a) AND BANKRUPTCY RULE 9019 APPROVING STIPULATION BY AND AMONG THE DEBTORS AND DEBTORS IN POSSESSION, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CALPINE CORPORATION, WILMINGTON TRUST FSB AS INDENTURE TRUSTEE FOR CALGEN FIRST PRIORITY FLOATING RATE NOTES, WILMINGTON TRUST COMPANY AS ADMINISTRATIVE AGENT FOR CALGEN FIRST PRIORITY TERM NOTES AND WHITEBOX ADVISORS LLC AND ITS AFFILIATES**

This matter is before the Court upon the motion (the "<u>9019 Motion</u>"), dated November 9, 2007 of Calpine Corporation ("<u>Calpine</u>"), Calpine Generating Company LLC ("<u>CalGen</u>") and their affiliated Debtors and Debtors in Possession (collectively, including Calpine and CalGen, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 363 and Bankruptcy Rule 9019 authorizing and approving the Stipulation Fixing Makewhole and Default Interest Claims of CalGen First Priority Debt Representatives (the "<u>Stipulation</u>"),[1] and the Court having reviewed and considered the 9019 Motion,

---

[1] For purposes of this Order, the "<u>First Priority Notes</u>" means the following:

(a) certain First Priority Secured Floating Rate Notes due 2009 (the "<u>First Priority Notes</u>") issued by CalGen and CalGen Finance Corp. in the original aggregate principal amount of $235,000,000.00 pursuant to that certain First Priority Indenture, dated as of March 23, 2004 (the

the settlement contained in the Stipulation (the "Settlement"), and the arguments of counsel made, and the evidence proffered or adduced at the hearing on the 9019 Motion held on November 27, 2007 (the "Hearing"), and upon all the proceedings heretofore held in the Chapter 11 Cases; and it appearing that the relief requested in the 9019 Motion is in the best interests of the Debtors, their estates and creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:[2]

A.  The Court has jurisdiction over the 9019 Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of the Chapter 11 Cases and the 9019 Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the relief sought in the 9019 Motion are section 105(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et*

---

"First Priority Indenture") by and among CalGen, CalGen Finance Corp., various subsidiary guarantors of CalGen named therein (collectively, the "CalGen Guarantors") and for which Wilmington Trust FSB acts as Indenture Trustee thereunder (when acting in such capacity, the "First Priority Trustee"); and

(b) certain First Priority Secured Institutional Term Notes due 2009 (the "First Priority Term Notes") issued by CalGen in the original aggregate principal amount of $600,000,000.00 pursuant to that certain Credit and Guarantee Agreement, dated as of March 23, 2004 (as amended from time to time, the "First Priority Term Loan Agreement"), by and among CalGen, the CalGen Guarantors, various lenders named therein, Morgan Stanley Senior Funding, Inc., as Administrative Agent and others and for which Wilmington Trust Company is currently acting as successor Administrative Agent (when acting in such capacity, the "First Priority Term Loan Administrative Agent") (the First Priority Trustee and the First Priority Term Loan Administrative Agent are hereinafter sometimes referred to collectively as the "First Priority Debt Representatives").

[2]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052, as made applicable herein by Fed. R. Bankr. P. 9014.

*seq.* (the "Bankruptcy Code"), and Rules 2002, 6004, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

    C.    Notice has been shortened with respect to the 9019 Motion pursuant to Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1 and 9077-1, so that the Motion was heard on November 27, 2007. As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the hearing on the 9019 Motion, (i) notice of the 9019 Motion and the opportunity for a hearing on the 9019 Motion were appropriate under the particular circumstances, (ii) such notice was good and sufficient, and (iii) no other or further notice of the 9019 Motion is or shall be required.

    D.    Notice of this Stipulation and the accompanying 9019 Motion was provided to holders of the First Priority Notes. The notice provided to holders of the First Priority Notes was reasonable and sufficient and no further notice to such holders is required.

    E.    A reasonable opportunity to object or be heard with respect to the 9019 Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the First Priority Debt Representatives, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the Official Committee of Equity Security Holders, (v) the holders of the First Priority Notes and (vi) counsel to Whitebox Advisors LLC and its affiliates (collectively, "Whitebox").

   F. The Settlement represents a fair, prudent and reasonable compromise of the controversies resolved by the Stipulation and is in the best interests of the Debtors, their estates and creditors taking into account, among other things, (a) the probability of success on the claims being released as part of the Settlement, (b) the complexity of the litigation involved with respect to the claims being released as part of the Settlement and (c) the paramount interest of the creditors and a proper deference to their views in respect of the Settlement.

   G. The Debtors have demonstrated both (i) good, sufficient, and sound business purpose and justification, and (ii) compelling circumstances for entering into the Stipulation prior to, and outside of, a plan of reorganization, and the Stipulation pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 is the best alternative for the Debtors, their respective estates and creditors.

   H. The Stipulation was negotiated, proposed and entered into by the parties without collusion, in good faith and from arms' length bargaining positions.

   NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1. The 9019 Motion is granted in all respects.

   2. All objections, including without limitation any objection of any holder of the First Priority Notes to the Stipulation, or any portion thereof, including the entry by the First Priority Debt Representatives into the Stipulation, that have not been withdrawn, waived, settled, or specifically addressed in this Order are hereby overruled on the merits. Accordingly, the First Priority Debt Representatives are authorized to

settle their claims and the claims on behalf of the respective holders of the First Priority Notes as provided in the Stipulation and shall have no liability to any holder of the First Priority Notes as a result of their entry into the Stipulation or settlement of the claims thereunder

3. The Debtors' entry into the Stipulation is authorized and ratified pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, and the Debtors are hereby authorized, empowered and directed to enter into and perform, and consummate the transactions, under the Stipulation. The terms of the Stipulation are hereby approved in all respects. All the terms of the Stipulation, including, but not limited to, the allocation and distribution of the allowed claims against CalGen set forth in the Stipulation are hereby approved and are binding in all respects on all parties in interest in these cases, including the Debtors, the holders of the First Priority Notes and the First Priority Debt Representatives.

4. The Debtors are authorized, empowered and directed to take any and all actions and execute any and all documents and instruments that are reasonably necessary or appropriate to implement and effectuate the Stipulation.

5. The Settlement Agreements and Mutual Releases between the First Priority Debt Representatives and the Second Priority Debt Representatives and the First Priority Debt Representatives and the Third Priority Trustee may not be amended or modified absent written authorization from the Debtors and the Creditors' Committee.

6. On the Distribution Date (as defined in the Plan, in the form presently filed with the Court) or the date on which the order approving this Stipulation becomes a Final Order, whichever is earlier, the holders of the First Priority Notes and the First Priority Debt Representatives will be excepted from the Order Approving the Debtors' Motion Seeking Approval of an Immaterial Modification to the Debtors' Joint Plan of Reorganization Without the Need for Further Solicitation of Votes, entered November 8, 2007 [Docket No. 6542] (the "<u>Modification Order</u>") with the exception of Paragraph 4 of the Modification Order, which shall continue to bind the holders of the First Priority Notes and the First Priority Debt Representatives. To the extent there is a conflict between Paragraph 4 of the Modification Order and this Stipulation, the Modification Order shall control.

7. Except as provided in the Stipulation, on the effective date of the Debtors' Fourth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (as the same may be amended, restated or supplemented from time to time) or the date on which this order becomes a Final Order,[3] whichever is earlier, the First Priority Debt Representatives, the Debtors and the Official Committee of Unsecured Creditors of Calpine (and each of the foregoing parties' respective affiliates, subsidiaries, officers, directors, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants,

---

[3] As used herein, the term "Final Order" means an order or judgment of the Bankruptcy Court or other court of competent jurisdiction with respect to the relevant subject matter, which has not been reversed, stayed, modified, or amended, and as to which the time to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been or may be filed has been resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought.

representatives or members) (collectively, the "Released Parties") shall be deemed released and discharged by the Debtors, the First Priority Debt Representatives and all of the holders of the First Priority Notes (collectively, the "Releasing Parties") from any and all current or future claims, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, in law, equity, or otherwise, which any of the Releasing Parties may have against the Released Parties as of the date hereof, including without limitation, any such claims, obligations, rights, suits, damages, causes of action, remedies and liabilities relating to, or in any manner arising from, in whole or in part, these chapter 11 cases (including the entry into this Stipulation, performance under this Stipulation, and the settlement of claims described hereunder).

8.   In furtherance of this Order, the Stipulation and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court; provided such modification, amendment or supplement is not material.

9.   As provided by Bankruptcy Rule 6004(g), and notwithstanding Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry.

10.  Notwithstanding section 502(j) of the Bankruptcy Code, no order of this Court and nothing contained in any chapter 11 plan confirmed in these cases or any order of this Court confirming such plan or otherwise shall conflict with or

7

derogate from the provisions of the Stipulation, including without limitation, allowance of the claims against CalGen provided for in the Stipulation in the amounts and on the terms set forth therein. In addition, the Stipulation shall be binding upon any trustee appointed in these cases or in a subsequent chapter 7 case(s).

11. This Court retains jurisdiction to interpret, enforce and implement the Settlement, including the Stipulation, and all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to resolve any disputes, controversy or claims arising under or related to the Stipulation, and interpret, implement, and enforce the provisions of this Order.

Dated: New York, New York
       November 27, 2007

                                    /s/Burton R. Lifland_____
                                    UNITED STATES BANKRUPTCY JUDGE