

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Calpine Corporation, et al.,<br><br>                     Debtors. | Chapter 11<br><br>Case No. 05-60200 (BRL)<br>(Jointly Administered) |
| HSBC Bank USA, National Association, as Indenture Trustee, The Bank of New York, as Administrative Agent, Wilmington Trust FSB, as Indenture Trustee, Wilmington Trust Company, as Administrative Agent, Wilmington Trust Company, as Collateral Agent, and Manufacturers & Traders Trust Company, as Indenture Trustee,<br><br>                     Appellants,<br><br>     - against -<br><br>Calpine Corporation, The Official Committee of Unsecured Creditors of Calpine Corporation, and the Official Committee of Equity Security Holders,<br><br>                     Appellees. | Case No. 1:07-cv-03088 (GBD) |
| Calpine Corporation, The Official Committee of Unsecured Creditors of Calpine Corporation, and the Official Committee of Equity Security Holders,<br><br>                         Appellants,<br><br>     - against -<br><br>HSBC Bank USA, National Association, as Indenture Trustee, The Bank of New York, as Administrative Agent, Wilmington Trust FSB, as Indenture Trustee, Wilmington Trust Company, as Administrative Agent, Wilmington Trust Company, as Collateral Agent, and Manufacturers & Traders Trust Company, as Indenture Trustee,<br><br>                     Appellees. | |

**STIPULATION AND AGREED ORDER WITHDRAWING
APPEALS RELATED TO CALGEN SECOND PRIORITY DEBT**

3655966_4.DOC

(a) Calpine Corporation ("Calpine") and its affiliated debtors and debtors in possession (collectively, the "Debtors" or, as applicable, the "Reorganized Debtors"), (b) HSBC Bank USA, National Association, acting solely in its capacity as Indenture Trustee (the "Second Priority Trustee") for the holders of certain Second Priority Secured Floating Rate Notes due 2010 issued by Calpine Generating Company LLC ("CalGen") and CalGen Finance Corp. ("CalGen Finance") in the original aggregate principal amount of $640,000,000.00 (the "Second Priority Notes"), (c) The Bank of New York Mellon, acting solely in its capacity as Administrative Agent (the "Second Priority Administrative Agent" and, together with the Second Priority Trustee, the "Second Priority Debt Representatives") for the holders of certain Second Priority Secured Institutional Term Loans due 2010 of CalGen and CalGen Finance in the original aggregate principal amount of $100,000,000.00 (the "Second Priority Term Loans" and, together with the Second Priority Notes, the "Second Priority Debt"), and (d) the Official Committee of Unsecured Creditors of Calpine Corporation, et al. (the "Creditors' Committee") have agreed upon this stipulation (the "Stipulation") withdrawing the pending appeals relating to the claims of the Second Priority Debt Representatives, the Debtors, and the Creditors' Committee relating to the Second Priority Debt, as follows:

## RECITALS

WHEREAS, on or around April 17, 2007, the Second Priority Debt Representatives, the Debtors, and the Creditors' Committee (collectively, the "Parties") filed various appeals in this Court related to the Second Priority Debt (collectively, the "Appeals"), and the trustee (the "Third Priority Trustee") representing the third priority debt of CalGen and CalGen Finance (the "Third Priority Debt"), the Debtors and the Creditors Committee also filed appeals relating to the Third Priority Debt.

WHEREAS, on August 25, 2008, the Parties notified the Court by letter that the Parties had reached an agreement in principle to resolve the appeals of the Second Priority Debt Representatives, the Debtors, and the Creditors Committee relating to the Second Priority Debt and that the Parties were in the process of finalizing a settlement reflecting that agreement;

WHEREAS, on August 29, 2008, the Parties entered into that certain Stipulation Settling Claims Related to Second Priority Debt (the "Settlement"), which provided, among other things, that after the Effective Date of the Settlement, the Parties would withdraw all Appeals pending in this Court relating to the Second Priority Debt;[1]

WHEREAS, on or about September 23, 2008, the Bankruptcy Court entered that certain Order Approving Stipulation Settling Claims Related to Second Priority Debt (the "Settlement Order");[2]

WHEREAS, the Effective Date of the Settlement occurred on or about October 31, 2008, and the settlement has been closed;

## STIPULATION

IT IS THEREFORE AGREED, IN CONSIDERATION OF THE PROMISES AND COVENANTS AND AGREEMENTS SET FORTH HEREIN, AND EFFECTIVE UPON ENTRY OF A COURT ORDER APPROVING THIS STIPULATION AS SET FORTH BELOW, IT SHALL BE ORDERED AS FOLLOWS:

1. **DISMISSAL OF APPEALS.** The Appeals of the Second Priority Debt Representatives, the Debtors, and the Creditors Committee relating to the Second Priority Debt are hereby withdrawn with prejudice.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Settlement.

[2] A copy of the Settlement Order, including the Settlement, is attached hereto as Exhibit "A."

2. THIRD PRIORITY DEBT. This Stipulation does not resolve or in any way affect the appeals pending in this consolidated case of the Third Priority Trustee, the Debtors, or the Creditors' Committee relating to the Third Priority Debt.

3. ENTIRE AGREEMENT. This Stipulation is the entire agreement between the parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the written agreement of the parties hereto. No statement made or action taken in the negotiation of the Stipulation may be used by any party for any purpose whatsoever. This Stipulation shall be deemed to have been drafted by all parties hereto equally for purposes of any dispute over construction or interpretation.

4. COUNTERPARTS. This Stipulation may be executed in any number of counterparts and by facsimile, and each thereof shall be deemed to be an original; and all such counterparts shall constitute but one and the same instrument.

5. AUTHORITY. Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the respective parties hereto and that each such party has full knowledge of and has consented to this Stipulation. Counsel for each of the Parties represents that it is duly authorized to enter into this Stipulation.

6. **EFFECTIVENESS.** This Stipulation shall only be effective upon entry of an order substantially in the form of the proposed order approving this Stipulation.

Dated: November 17, 2008
New York, New York

*/s/ James J. Mazza Jr. /mcp*

Richard M. Cieri (RC 6062)
Marc Kieselstein (admitted pro hac vice)
David R. Seligman (admitted pro hac vice)
Edward O. Sassower (ES 5823)
James J. Mazza, Jr. (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys for the Reorganized Debtors

*/s/*

Mark R. Somerstein (MS-9721)
David S. Elkind (DE-4054)
Amy Vanderwal (AV-1712)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

Attorneys for HSBC Bank USA, National Association, as Indenture Trustee and The Bank of New York Mellon, as Administrative Agent

*/s/*

Michael S. Stamer (MS 4900)
Philip C. Dublin (PD 4919)
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212)-872-1000
Facsimile: (212)-407-3277

Attorneys for the Official Committee of Unsecured Creditors of Calpine Corp., *et al.*

SO ORDERED: JAN 1 2 2009

*/s/ George B. Daniels*

United States District Judge
HON. GEORGE B. DANIELS

Dated: November ___, 2008

3655966_4.DOC

5